UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

        Plaintiff,

v.

C/O PAYNE, *et al*,

        Defendants.

Case No. 06-5365 RJB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel (Dkt. # 27). Having reviewed the motion, the Court finds, for the reasons stated below, that it should be denied.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER - 1

1  Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not
2  demonstrated that the issues involved in this case are complex or that he has had any difficulties in
3  expressing them. While Plaintiff may not have vast resources or legal training, he meets the
4  threshold for a pro se litigant and the Court finds that counsel is unnecessary in this case. In
5  addition, Plaintiff has not demonstrated a likelihood of success on the merits of his claims.

6  Plaintiff's claim of an inadequate law library is similarly insufficient reason for the
7  appointment of counsel. Although prisoners have a federal constitutional right of access to the
8  courts guaranteed by the Fourteenth Amendment, "prison law libraries and legal assistance programs
9  are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to
10 present claimed violations of fundamental constitutional rights to the courts.'" *See Bounds v. Smith*,
11 430 US. 817, 821 (1977); *see also Royse v. Superior Court*, 779 F.2d 573 (9th Cir.1986); *Lewis v.*
12 *Casey*, 518 US. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

13 Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 27) is **DENIED**.
14 The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

16 DATED this 23rd day of May, 2007.

Karen L. Strombom
United States Magistrate Judge

28 ORDER - 2