UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

    Plaintiff,

v.

C/O PAYNE, et al.,

    Defendants.

Case No. C06-5365RJB/KLS

ORDER DENYING MOTION TO AMEND COMPLAINT

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. # 28). For the reasons stated below, the Court finds that the motion to amend should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on September 26, 2006. (Dkt. # 8). Defendants answered on March 5, 2007. (Dkt. # 20). Plaintiff alleges that his Fifth and Eighth Amendment rights were violated when Defendants wrongfully administered their grievance procedure, unlawfully imprisoned him and maliciously abused the legal process. (Dkt. # 8). Plaintiff seeks "nominal, compensatory and punitive" damages. (*Id.*). Plaintiff now seeks to amend his complaint to delete

ORDER - 1

his claim for nominal damages. (Dkt. # 28). Plaintiff has not provided the Court with a proposed amended complaint.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

Plaintiff did not submit a proposed amended complaint. Plaintiff states that he seeks to amend his complaint to "erase the nominal damages of the original complaint," and claims that amendment is necessary to seek attorney fees and the appointment of counsel. (*Id.*).[1]

Defendants respond that there is no legal basis for the appointment of counsel and that Plaintiff has not submitted an amended complaint. (Dkt. # 31).

An amended complaint supersedes the original in its entirety, making the original as if it never existed. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The allegations contained in Plaintiff's motion are not sufficient to properly plead an amended complaint to include all of Plaintiff's factual and legal allegations. The Court finds that Plaintiff's motion to amend should be

---

[1] Plaintiff also moved for the appointment of counsel. (Dkt. # 27). That motion has been denied by separate Order.

ORDER - 2

1  denied as Plaintiff has failed to provide a proposed amended complaint to allow the Court to
2  adequately determine what the Plaintiff wishes to add or remove from his case.
3      Accordingly, Plaintiff's motion to amend his complaint (Dkt. # 28) is **DENIED**.
4
5      DATED this _23rd_ day of May, 2007.
6
7
8
9                                        Karen L. Strombom
10                                       United States Magistrate Judge

26 ORDER - 3