UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>          Plaintiff,<br><br>     v.<br><br>C/O PAYNE, *et al.*,<br><br>          Defendants. | Case No. C06-5365 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**January 11, 2008** |

  Before the Court is Defendants' motion for summary judgment. (Dkt. # 43). The motion is not supported by any affidavits from any of the Defendants. (*Id*.) Plaintiff's Complaint is verified and he asserts that he has been falsely imprisoned and that Defendants violated his Eighth Amendment rights when Defendants used excessive force against him and failed to provide him with necessary medical care. (Dkt. # 8).

  Plaintiff has not responded although he requested and was granted an extension of time within which to file his response. (Dkt. # 52). Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

  Having carefully reviewed the motion, Defendants' reply (Dkt. # 53), balance of the record, and viewing the evidence in the light most favorable to Plaintiff, the undersigned recommends that

REPORT AND RECOMMENDATION- 1

Defendants' motion for summary judgment be granted in part and Plaintiff's claims dismissed, except as to Plaintiff's Eighth Amendment claim of excessive force.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed his verified Complaint on June 28, 2006 against five named Defendants – Lieutenant Payne and Correction Officers Watkins, Fitzwater and Atkins who are employed at the Kitsap County Correctional Facility. (Dkt. # 8, pp. 6-7)[1]. Defendant Ione George is a deputy prosecuting attorney for Kitsap County. (*Id.*, p. 7).[2] Defendants do not contest any of the allegations contained in the Plaintiff's Complaint. Therefore, the uncontested facts are as follows:

**Unlawful Imprisonment.** On December 17, 2002, at Plaintiff's probation violation hearing, he was granted a credit of 70 days toward a 120 day sentence to be consecutively served with his previous 90 day sentence. (*Id.*, p. 9). On or about January 2003, Plaintiff sought to have his judgment and sentencing commitment order adjusted within the computer system of the Kitsap County Jail to reflect his credit of 70 days.[3] Plaintiff filed an administrative grievance and made requests of Defendant Watkins, who is the head of Kitsap County Jail's classification, to verify the 70 day credit, but Defendant Watkins refused his requests. (*Id.*, pp. 9-10). Plaintiff was released from custody on April 18, 2003. (*Id.*, p. 8).

Plaintiff sought relief through a personal restraint petition to have his commitment order adjusted. (*Id.*, p. 11). Defendant Payne refused Plaintiff's request. (*Id.*). On April 16 and 17, 2003, Plaintiff filed two grievances seeking monetary damages for being held past his release date. (*Id.*, p. 12).

On July 9, 2003, Plaintiff filed a claim with the Kitsap County Department of Risk Management regarding his claim for unlawful imprisonment. (*Id.*, p. 13). A John Doe employee of

---

[1] Page references are to CM/ECF's page numbering.

[2] Plaintiff also named two John Doe Defendants - one identified as a physicians' assistant and one as an employee of the Kitsap County Risk Management Department. (Dkt. # 8, p. 7).

[3] Plaintiff refers to a commitment order dated December 27, 2002 and various additional attachments to his Complaint. However, Plaintiff did not file any attachments with his Complaint.

REPORT AND RECOMMENDATION- 2

the Office of Risk Management and the Prosecutor's Office altered his file and wrongfully denied his claim. (*Id*., pp. 14-15). Plaintiff filed a personal restraint petition alleging that the Kitsap County Risk Management Office and Prosecutors Office altered his probation violation to overcome his claim for unlawful imprisonment but the court of appeals dismissed his petition. (*Id*.).

**Eighth Amendment - Excessive Force and Denial of Medical Care**. On March 17, 2005, while detained at the Kitsap County Jail, Plaintiff was ordered to lock-down for 72 hours. (*Id*., p. 17). Defendants Watkins, Atkins, Lewis and Fitzwater used excessive force when they escorted Plaintiff to the lock-down cell, twisting his hands and placing handcuffs very tightly on his wrists. (*Id*.). Defendants ordered Plaintiff to cross his feet and place his face on the floor while the handcuffs were still on his wrists. (*Id*). When Plaintiff complained that he could not comply with the handcuffs on, Defendant Watkins ordered Defendants Atkins, Lewis, Fitzwater and about three other officers to rush Plaintiff while he was still in handcuffs on his knees on the floors. Defendants Watkins and Fitzwater twisted Plaintiff's hands and wrist until his hands went numb and kneed him in the back and asked Plaintiff "who's the bitch now?" (*Id*.) Defendant Watkins put his knee in Plaintiff's neck until Plaintiff almost passed out while twisting Plaintiff's wrist. (*Id*.). Defendant Atkins and Lewis twisted Plaintiff's feet up to the middle of his back while Defendants Watkins and Fitzwater twisted his hand. Plaintiff's wrists were cut very badly. (*Id*., p. 18). Plaintiff called several officers to the crisis cell to obtain medical treatment, but they denied him help. He asked for help a second time, but was denied. Plaintiff filed a grievance relating to this incident on March 2005.

Defendant Watkins was aware of the damage he caused to Plaintiff's wrists with the handcuffs and ignored Plaintiff's requests for medical treatment. (*Id*.). Plaintiff filed grievances relating to his claim for lack of medical treatment on March 19 and 20, 2005. Defendant Watkins ordered Plaintiff to remain in the crisis cell without medical care and to eat sack lunches and sleep on the floor for two days. (*Id*.).

A Kitsap County Jail nurse provided Plaintiff with medication in his cell and observed the

REPORT AND RECOMMENDATION- 3

1  injury to Plaintiff's wrist. (*Id*.). The nurse immediately requested that he be seen by medical. (*Id*.).
2  On or about March 19 - 20, 2005, Defendant Watkins removed Plaintiff from the crisis cell to the
3  south pod segregation unit. (*Id*., pp. 18-19).

4  While he was housed in the segregation unit, it is Plaintiff's understanding that X-rays taken
5  in March or April, 2005 (by a physician assistant) revealed that the nerves in his wrist were cut and
6  damaged by the handcuffs. (*Id*.). However, no medical report has been provided to support this
7  allegation. The physician's assistant issued pain medication to Plaintiff for his wrist.

8  During medical call with the physician's assistant, Plaintiff informed him that his thumbs
9  hurt when using a pen to write or mopping floors, and that he suffered pain in his little finger when
10 putting on body lotions or oil in his hair. (*Id*., pp. 15-16).

## II. DISCUSSION

**A.  Standard of Review**

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

REPORT AND RECOMMENDATION- 4

**B.     Plaintiff's Claim of False Imprisonment**

Defendants argue that to the extent Plaintiff is alleging that he was falsely incarcerated in January 2003, his claims are barred by Washington's three year statute of limitations. The Court agrees.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir 1981). The Washington statute for personal injury reads as follows:

> The following actions shall be commenced within three years: . . . (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Plaintiff's Complaint reveals that he had actual notice of the facts giving rise to a claim in sufficient time to commence an action before the expiration of the three year statute of limitations. Plaintiff alleges that on December 17, 2002 he was granted the 70 day credit and in January 2003 Kitsap County Jail refused his request to adjust his sentencing commitment order. ((Dkt. # 8, pp. 9-10). Plaintiff did not file this lawsuit until June 28, 2006. Thus, viewing the facts in the light most favorable to Plaintiff, the record reflects that Plaintiff filed his Complaint in this case over three years after he claims Defendant wrongfully refused to adjust his commitment order to reflect the 70 days credit he claims he was owed. Thus, Plaintiff's claims are barred by the statute of limitations

REPORT AND RECOMMENDATION- 5

1    Accordingly, the undersigned recommends that Plaintiff's claims related to his loss of 70 days'
2 credit should be dismissed with prejudice.
3 **C.     Abuse of Legal Process/Due Process**
4    In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove
5 that the particular defendant has caused or personally participated in causing the deprivation of a
6 particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981);
7 *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation
8 of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform
9 an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson*
10 *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   The inquiry into causation must be individualized and
11 focus on the duties and responsibilities of each individual defendant whose acts or omissions are
12 alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.
13 1988); see also *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). Sweeping conclusory
14 allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth
15 specific facts showing a causal connection between each defendant's actions and the harm allegedly
16 suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.
17    Plaintiff alleges that he filed a claim with the Kitsap County Department of Risk
18 Management regarding his claim for unlawful imprisonment.  (Dkt. # 8, p. 13).  A John Doe
19 employee of the Office of Risk Management and the Prosecutor's Office altered his file and
20 wrongfully denied his claim.  (*Id*., pp. 14-15).  Plaintiff does not specifically state how Defendant
21 George violated his constitutional rights nor has he provided any summary judgment proof of such
22 constitutional deprivation.  In addition, to the extent that Plaintiff's allegation is merely an
23 extension of his false imprisonment claim, the Court has already noted that this claim is barred by
24 the statute of limitations.
25    Accordingly, the undersigned that Defendant George is entitled to summary judgment on
26 Plaintiff's claims against her as Plaintiff has failed to allege her personal participation.
27
28 REPORT AND RECOMMENDATION- 6

**D.     Plaintiff's Eighth Amendment Claims - Denial of Medical Treatment and Excessive Force**

To state a claim under 42 U.S.C. § 1983, the defendant must be a person acting under color of state law; and his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)**.** Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

At the outset, the Court notes that Defendants have filed a motion for summary judgment, but have provided no evidence or affidavits in support of their motion.  (Dkt. # 43).  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *High Tech Gays Defense Indus. Sec. Clearance*, 895 F.2d. 563, 574 (9th Cir. 1990) (if moving party fails to carry its initial burden of production, nonmoving party has no obligation to produce anything, even if nonmoving party has ultimate burden of persuasion at trial).  The undisputed evidence before the Court, therefore, is contained in the verified allegations of Plaintiff's Complaint.

**1.     Denial of Medical Treatment**

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id*. at 104-5; *see also Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980).  To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Famer v. Brennan*, 511 U.S. 825, 836 (1994).  A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

REPORT AND RECOMMENDATION- 7

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer,* 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). In other words an official must (1) be actually aware of facts from which an inference could be drawn that a substantial risk of harm exists, (2) actually draw the inference, but (3) nevertheless disregard the risk to the inmate's health. *Farmer*, 511 U.S. at 837-8.

The record reflects that Plaintiff called for help twice in March 2005 and was denied treatment. (Dkt. # 8, p. 18). Plaintiff filed grievances relating to his claim for lack of medical treatment on March 19 and 20, 2005. (*Id*.) Copies of the grievances were not provided to the Court, however, Defendants have provided no evidence to the contrary. A Kitsap County Jail nurse provided Plaintiff with medication in his cell and observed the injury to Plaintiff's wrist. (*Id*.). The nurse immediately requested that he be seen by medical. (*Id*.). On or about March 19- 20, 2005, Defendant Watkins removed Plaintiff from the crisis cell to the south pod segregation unit. (*Id*., pp. 18-19). While he was housed in the segregation unit, it is Plaintiff's understanding that X-rays taken in March or April, 2005 (by a physician assistant) revealed that the nerves in his wrist were cut and damaged by the handcuffs. (*Id*.). However, no medical report has been provided to support this allegation. The physician's assistant issued pain medication to Plaintiff for his wrist. (*Id*.).

For purposes of this summary judgment motion, the Court accepts these factual statements as true. Viewed in the light most favorable to Plaintiff, however, the facts presented to the Court

REPORT AND RECOMMENDATION- 8

fell short of showing deliberate indifference. Plaintiff's undisputed evidence reflects that he was provided medical care and received medication while still housed in the crisis cell; he was removed from the crisis cell on or about two days after the incident of excessive force. (*Id.*, p. 18). Plaintiff also states that his wrist was x-rayed in March or April of 2005.

Accepting Plaintiff's allegations and averments as true and even though Defendants have presented no evidence to the contrary, the undersigned concludes that there is not sufficient evidence to support a claim of denial of access to medical care or treatment as a matter of law. It is recommended that Defendants' motion for summary judgment be granted on this claim.

**2.    Excessive Force**

It is only "'the unnecessary and wanton infliction of pain' . . . [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *citing Ingram v. Wright*, 430 U.S. 651 (1977). "[T]he question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley*, 475 U.S. at 320-321. Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*; whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Whitely*, 475 U.S. at 321.

Plaintiff contends that his Eighth Amendment rights were violated when Defendants Watkins, Atkins, Lewis and Fitzwater used excessive force when they escorted Plaintiff to the lock-down cell, twisting his hands and placing handcuffs very tightly on his wrists. (Dkt. # 8, p. 17). Plaintiff alleges that Defendants ordered Plaintiff to cross his feet and place his face on the floor while the handcuffs were still on his wrists and when he could not comply, Defendant Watkins

REPORT AND RECOMMENDATION- 9

ordered Defendants Atkins, Lewis, Fitzwater and about three other officers to rush Plaintiff while he was still in handcuffs on his knees on the floors.  (*Id*.).  Defendants Watkins and Fitzwater twisted Plaintiff's hands and wrist until his hands went numb and kneed him in the back and asked Plaintiff "who's the bitch now?"  (*Id*.)  Defendant Watkins put his knee in Plaintiff's neck until Plaintiff almost passed out while twisting Plaintiff's wrist.  (*Id*.).  Defendant Atkins and Lewis twisted Plaintiff's feet up to the middle of his back while Defendants Watkins and Fitzwater twisted his hand.  (*Id*., p. 18).  As a result, Plaintiff claims that his wrists were cut very badly and that he has suffered damage to the nerves in his wrists.  (*Id*., pp. 18-19).

Defendants have provided no evidence to the contrary.  Instead, they argue that pursuant to 42 U.S.C. § 1997e(e) and *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997), Plaintiff must allege and prove a "physical injury," that is not de minimus. (Dkt. # 43, p. 3).

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for *mental or emotional injury* suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e) [emphasis added].  This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*."  *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).  The provision does not apply to allegations of constitutional violations not premised on mental or emotional injury.  *Oliver*, 289 F.3d at 630 (Fourteenth Amendment claims); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)(First Amendment claims).  In this case, Plaintiff seeks relief for physical injuries to his wrist, in addition to emotional injuries, as a result of the Defendants' use of excessive force (and denial of medical care), which Plaintiff claims violated his Eighth and Fourteenth Amendment rights. (Dkt. # 8, p. 24-25).

The undersigned concludes that Defendants have failed to meet their initial burden of production.  The undisputed allegations of Plaintiff's verified Complaint are sufficient to state a claim of excessive force against Defendants.  Defendants have failed to produce evidence sufficient to show that they are entitled to judgment as a matter of law on this claim.  It is recommended that Defendants' motion for summary judgment on this claim be denied.

REPORT AND RECOMMENDATION- 10

**E.     John Doe Defendants**

Plaintiff also named two John Doe Defendants - one identified as a physicians' assistant and one as an employee of the Kitsap County Risk Management Department. (Dkt. # 8, p. 7)**.** These defendants have never been named or served. Thus, Plaintiff's claims against these unnamed defendants should be dismissed.

### III.  CONCLUSION

For the reasons stated above the Court should **GRANT** Defendants' motion for summary judgment and **dismiss** Plaintiff's claims **with prejudice except as to Plaintiff's Eighth Amendment excessive force claim**. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 11, 2008,** as noted in the caption.

DATED this  17th  day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 11