UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                Plaintiff,

     v.

C/O PAYNE, et al.,

                Defendants.

Case No. C06-5365RJB

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

     This matter comes before the court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 54. The court has considered the relevant documents and the file herein.

## PROCEDURAL HISTORY

     On June 28, 2006, while he was in the custody of the Washington Department of Corrections, plaintiff filed a civil rights action against four employees of the Kitsap County jail (defendants Watkins, Atkins, Lewis, and Fitzwater), a physician's assistant at the Kitsap County jail, a John Doe Employee of the Kitsap County Risk Management Department, and a deputy prosecuting attorney. Dkt. 8. The complaint alleges that plaintiff was unlawfully held past his release date and that defendants violated his Eight Amendment rights by the use of excessive force against him and failure to provide him with adequate medical care. *Id.* The complaint sets forth detailed factual allegations, is signed by plaintiff, and contains the following provision:

## VERIFICATION

     I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

ORDER
Page - 1

Dkt. 8, at 26.

On August 20, 2007, plaintiff filed a notice of change of address (Dkt. 46) and a subsequent change of address (Dkt. 50). It appears that he is no longer incarcerated, although he may be on probation with the Department of Corrections. Dkt. 46 and 50.

On August 21, 2007, defendants filed a motion for summary judgment, contending that (1) plaintiff's false imprisonment claims are barred by the statute of limitations and exhaustion doctrines; (2) the claims are barred by the failure to prove physical injury; (3) plaintiff cannot prove that any force used exceeded that for legitimate penological purposes; (4) plaintiff cannot show that Lt. Payne took any action that made her liable in this case; (5) plaintiff cannot prove that he was denied adequate medical care; (6) plaintiff cannot identify any action taken by the risk manager or the deputy prosecuting attorney that was a violation of the Constitution; and (7) defendants are entitled to qualified immunity . Dkt. 43. On September 18, 2007, the court granted plaintiff's motion for extension of time, until October 15, 2007, to file a response to defendants' motion for summary judgment. Dkt. 52. Plaintiff did not file a response to the motion for summary judgment.

On December 18, 2007, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that all of the claims in plaintiff's complaint be dismissed with prejudice with the exception of plaintiff's Eight Amendment claim for excessive force. Dkt. 54.

On December 19, 2007, defendants filed a response and objection to the Report and Recommendation. Dkt. 55. Defendants concur with the Report and Recommendation insofar as it recommends dismissal with prejudice of plaintiff's claims other than the excessive force claim, but object to the recommendation that the motion for summary judgment be denied as to the excessive force claim. *Id.* Defendants argue that, because plaintiff did not respond to the motion for summary judgment, and because the magistrate judge relied solely on the complaint to determine that there were issued of fact related to the excessive force claim, they were unable to advance arguments that would have supported their motion for summary judgment. *Id.*

## DISCUSSION

The court concurs with the Report and Recommendation insofar as it recommends dismissal of all claims other than the excessive force claim.

ORDER
Page - 2

Regarding the excessive force claim, in considering the evidence propounded by a *pro se* plaintiff in opposition to a motion for summary judgment, the court must consider as evidence all of the contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where plaintiff attested under penalty of perjury that the contents of the motions or pleadings are true and correct. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004), citing *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987)(verified pleadings admissible to oppose summary judgment); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998)(verified motions admissible to oppose summary judgment); *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir. 1995)(pleading counts as "verified" if the drafter states under penalty of perjury that the contents are true and correct).

The Report and Recommendation accurately identified the facts plaintiff alleges in his complaint to support his excessive force claim:

> Plaintiff contends that his Eighth Amendment rights were violated when Defendants Watkins, Atkins, Lewis and Fitzwater used excessive force when they escorted Plaintiff to the lockdown cell, twisting his hands and placing handcuffs very tightly on his wrists. (Dkt. # 8, p. 17). Plaintiff alleges that Defendants ordered Plaintiff to cross his feet and place his face on the floor while the handcuffs were still on his wrists and when he could not comply, Defendant Watkins ordered Defendants Atkins, Lewis, Fitzwater and about three other officers to rush Plaintiff while he was still in handcuffs on his knees on the floors. (*Id.*). Defendants Watkins and Fitzwater twisted Plaintiff's hands and wrist until his hands went numb and kneed him in the back and asked Plaintiff "who's the bitch now?" (*Id.*) Defendant Watkins put his knee in Plaintiff's neck until Plaintiff almost passed out while twisting Plaintiff's wrist. (*Id.*). Defendant Atkins and Lewis twisted Plaintiff's feet up to the middle of his back while Defendants Watkins and Fitzwater twisted his hand. (*Id.*, p. 18). As a result, Plaintiff claims that his wrists were cut very badly and that he has suffered damage to the nerves in his wrists. (*Id.*, pp. 18-19).

Dkt. 54, at 9-10. Plaintiff's verified complaint sets forth detailed allegations, based upon personal knowledge, that would arguably be admissible as evidence. Based upon the facts as alleged in plaintiff's verified complaint, there are issues of fact regarding whether the force employed by defendants Watkins, Atkins, Lewis, and Fitzwater was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 112 S.Ct. 995, 999 (1992). There is also an issue of fact as to whether plaintiff's alleged physical injury is sufficiently serious to meet the requirements of 42 U.S.C. § 1997e(e).

Based upon a thorough review of the record, it appears that there are issues of fact that preclude summary judgment on plaintiff's excessive force claim against defendants Watkins, Atkins, Lewis, and

ORDER
Page - 3

Fitzwater.

Plaintiff last communicated with the court on September 7, 2007, when he filed a motion of extension of time to file a response to defendants' motion for summary judgment and notified the court of a change of address. Dkt. 50 and 51. He did not file a response to the motion for summary judgment. He has not filed objections to the Report and Recommendation, nor has he filed a response to defendants' objections to the Report and Recommendation. It is unclear whether plaintiff wishes to pursue this case, which by this order is limited to his excessive force claim based upon an incident that occurred on March 17, 2005. Plaintiff should be directed to inform the court whether he wishes to proceed with the remaining claim for use of excessive force.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 54), is **ADOPTED**. Defendants' Motion for Summary Judgment (Dkt. 43) is **GRANTED IN PART AND DENIED IN PART**, as follows: All claims, with the exception of the excessive force claim against defendants Watkins, Atkins, Lewis, and Fitzwater, are **DISMISSED WITH PREJUDICE**. Plaintiff's claim for excessive force against defendants Watkins, Atkins, Lewis, and Fitzwater may proceed. Not later than January 25, 2007, plaintiff is **ORDERED** to inform the court in writing whether he wishes to prosecute the remaining claim. If plaintiff does not timely inform the court, as directed herein, the court will dismiss the remaining claim for excessive force against defendants Watkins, Atkins, Lewis, and Fitzwater.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of January, 2008 .

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 4