UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

           Plaintiff,

    v.

C/O PAYNE, et al.,

           Defendants.

Case No. C06-5365RJB

ORDER DISMISSING
PLAINTIFF'S REMAINING
CLAIM FOR EXCESSIVE FORCE

      This matter comes before the court on consideration of the requirements set forth in the Order on Defendants' Motion for Summary Judgment. Dkt. 56. The court has considered the relevant documents and the file herein.

## PROCEDURAL HISTORY

      On June 28, 2006, while he was in the custody of the Washington Department of Corrections, plaintiff filed a civil rights action against four employees of the Kitsap County jail (defendants Watkins, Atkins, Lewis, and Fitzwater), a physician's assistant at the Kitsap County jail, a John Doe Employee of the Kitsap County Risk Management Department, and a deputy prosecuting attorney. Dkt. 8. The complaint alleges that plaintiff was unlawfully held past his release date and that defendants violated his Eighth Amendment rights by the use of excessive force against him and failure to provide him with adequate medical care. *Id.*

      On August 20, 2007, plaintiff filed a notice of change of address (Dkt. 46) and a subsequent change of address (Dkt. 50). It appears that he is no longer incarcerated, although he may be on probation with the Department of Corrections. Dkt. 46 and 50.

      On August 21, 2007, defendants filed a motion for summary judgment, contending that (1)

ORDER
Page - 1

plaintiff's false imprisonment claims are barred by the statute of limitations and exhaustion doctrines; (2) the claims are barred by the failure to prove physical injury; (3) plaintiff cannot prove that any force used exceeded that for legitimate penological purposes; (4) plaintiff cannot show that Lt. Payne took any action that made her liable in this case; (5) plaintiff cannot prove that he was denied adequate medical care; (6) plaintiff cannot identify any action taken by the risk manager or the deputy prosecuting attorney that was a violation of the Constitution; and (7) defendants are entitled to qualified immunity. Dkt. 43.  On September 18, 2007, the court granted plaintiff's motion for extension of time, until October 15, 2007, to file a response to defendants' motion for summary judgment. Dkt. 52.  Plaintiff did not file a response to the motion for summary judgment.

On December 18, 2007, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that all of the claims in plaintiff's complaint be dismissed with prejudice with the exception of plaintiff's Eighth Amendment claim for excessive force. Dkt. 54.  The defendants filed a response to the Report and Recommendation on December 19, 2007, objecting to the recommendation that the motion for summary judgment be denied as to the excessive force claim. Dkt. 55. Defendants argued that, because the plaintiff did not respond to the motion for summary judgment, and because the magistrate judge relied solely on the complaint to determine that there were issues of fact related to the excessive force claim, they were unable to advance arguments that would have supported their motion for summary judgment. *Id.*

On January 11, 2008, this court issued an order adopting the Report and Recommendation of the Magistrate Judge (dkt. 54), and dismissing all of the plaintiff's claims with the exception of the excessive force claim against defendants Watkins, Atkins, Lewis, and Fitzwater. Dkt. 56.  The plaintiff was directed to inform the court by January 25, 2008, in writing, of whether he wished to proceed with the remaining claim for use of excessive force. *Id.* at 4.  The Order stated that if the plaintiff did not timely inform the court, the court would dismiss the remaining claim for excessive force against defendants Watkins, Atkins, Lewis, and Fitzwater. *Id.*

## DISCUSSION

This court did not dismiss the plaintiff's excessive force claim in the Order on Defendant's Motion for Summary Judgment (Dkt. 56), because based upon a thorough review of the record, it appeared that there were issues of fact regarding the plaintiff's excessive force claim against defendants Watkins, Atkins,

1   Lewis, and Fitzwater.  Dkt. 56 at 3.

2        The plaintiff, however, has failed to communicate with the court regarding the prosecution of this
3 claim, as he was directed.  *See* dkt. 56 at 4.  The plaintiff last communicated with the court on September
4 7, 2007, when he filed a motion of extension of time to file a response to defendants' motion for summary
5 judgment and notified the court of a change of address.  Dkt. 50 and 51.  He did not file a response to the
6 motion for summary judgment. Dkt. 43.  He has not filed objections to the Report and Recommendation
7 (dkt. 54), nor has he filed a response to the defendants' objections to the Report and Recommendation
8 (dkt. 55).  Although the plaintiff was directed to inform the court of whether he wished to proceed with the
9 excessive force claim by January 25, 2008 (dkt. 56 at 4), the plaintiff failed to do so.  Therefore, the court
10 should dismiss the plaintiff's excessive force claim against defendants Watkins, Atkins, Lewis, and
11 Fitzwater.  *See also* Local Rules W.D. Wash. 7(b)(2).

12        Therefore, it is hereby

13        **ORDERED** that the Plaintiff's claim for excessive force against defendants Watkins, Atkins,
14 Lewis, and Fitzwater is **DISMISSED WITH PREJUDICE**.

15        The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
16 and to any party appearing *pro se* at said party's last known address.

17        DATED this 29th day of January, 2008 .

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge